UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LANCE SHEFFIELD,

    Petitioner,

v.                                                     Case No. 8:07-cv-1413-T-17TGW

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.
_____

## **ORDER**

THIS CAUSE is before the Court on Petitioner Lance Sheffield's 28 U.S.C. § 2254 petition for writ of habeas corpus. Sheffield challenges his conviction and sentence entered by the Circuit Court for the Tenth Judicial Circuit, Polk County, Florida. A review of the record demonstrates that, for the following reasons, the petition must be denied.

## PROCEDURAL HISTORY

On May 31, 2000, a Grand Jury indictment was filed charging Sheffield with one count each of First Degree Murder, Attempted Armed Robbery, and Conspiracy to Commit Robbery. (Exh 18: Vol. 1: R 97-100).[1] The case proceeded to jury trial before the Honorable Daniel T. Andrews, Circuit Judge, on September 29, 2003. Sheffield was represented by court-appointed counsel, Larry D. Shearer, Esquire. The jury found Sheffield guilty of the lesser included offense of second degree murder on Count 1, and

---

[1] Respondent filed the nine-volume record on direct appeal as Respondent's Exhibit 18.

guilty as charged of attempted armed robbery and conspiracy to commit robbery in Counts 2 and 3. (Exh 18: Vol. 2: R 356-357).

On October 21, 2003, the court sentenced Sheffield to thirty (30) years in Florida State Prison on the second degree murder count, and to five years imprisonment on Counts 2 and 3, with all counts running concurrently. (Exh 18: Vol. 3: R 423-431).

## Direct Appeal

Sheffield pursued a direct appeal. Matthew J. Conigliaro, the Special Assistant Public Defender assigned to represent Sheffield on appeal, filed an initial brief (Exhibit 1), raising two issues:

### Issue I

THE TRIAL COURT ERRED IN FAILING TO GRANT SHEFFIELD'S MOTION FOR JUDGMENT OF ACQUITTAL.
### Issue II
THE TRIAL COURT ERRED IN FAILING TO GRANT SHEFFIELD A NEW TRIAL BASED ON THE ERRONEOUS ADMISSION OF MIKE DAVIS'S INTERVIEW STATEMENTS TO THE POLICE.

The State filed an answer brief (Exhibit 2), and Sheffield filed a reply brief. (Exhibit 3). The appellate court heard oral argument on April 18, 2005. (Exhibit 4). On April 29, 2005, in Case No. 2D03-5232, the Second District Court of Appeal filed an unwritten per curiam opinion affirming Sheffield's convictions and sentences. (Exhibit 5). *Sheffield v. State*, 907 So. 2d 533 (Fla. 2d DCA 2005)[table]. Sheffield, pro se, filed a motion for rehearing, which the appellate court denied on June 9, 2005. (Exhibit 6). The mandate was issued on August 9, 2005. (Exhibit 7).

## Petition Alleging Ineffective Assistance of Appellate Counsel

On May 22, 2006, Sheffield filed in the state district court of appeal a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. (Exhibit 8). Sheffield raised three allegations, claiming appellate counsel was ineffective for failing to raise in the initial brief the issues that: (1) the trial court lacked jurisdiction because the prospective jurors were not sworn prior to voir dire; (2) the trial court abused its discretion in denying suppression of the unlawfully obtained statement of the petitioner; (3) the use of the terms "and/or" in the independent act jury instruction that was requested by defense counsel constituted fundamental error.

The State filed a response to the petition, with record exhibits, on July 26, 2006. (Exhibit 9). Sheffield later filed a reply to the State's response. (Exhibit 10). On November 1, 2006, in Case No. 2D06-2434, the Second District Court of Appeal filed an order denying the petition alleging ineffective assistance of appellate counsel without discussion. (Exhibit 11). *Sheffield v. State*, 941 So. 2d 379 (Fla. 2d DCA 2006)[table].

Rule 3.850 Motion for Postconviction Relief

On August 28, 2006, Sheffield filed a pro se Motion for Postconviction Relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Exhibit 12). Sheffield raised four allegations of ineffective assistance of trial counsel and one claim of trial error:

> 1. Sheffield's trial counsel, Lawrence Shearer, Esq., was ineffective for failing to challenge certain jurors because there was "reasonable doubt about their ability to render a fair and impartial verdict;

> 2. Trial counsel was ineffective for failing to object to a witness's ability to render an expert opinion at trial even though she had not been qualified as an expert in the field to which she testified.
>
> 3. Trial counsel was ineffective for failing to "properly" or "adequately" present and argue to the jury the 'independent-act doctrine.'";
>
> 4. Trial counsel was ineffective for failing to move for a new trial at the close of the trial, "rather than to argue a motion for judgment of acquittal";
>
> 5. Sheffield's right to due process of law was violated when the trial court allowed the admission of improper testimony from a witness, Detective Joiner.

On October 2, 2006, the trial court issued an order summarily denying all grounds in the motion. (Exhibit 13). Sheffield appealed the adverse ruling. No briefs were filed by either party. On June 27, 2007, in Case No. 2D06-5556, the Second District Court of Appeal filed a per curiam silent affirmance of the denial of the motion for postconviction relief. (Exhibit 14). *Sheffield v. State*, 961 So. 2d 947 (Fla. 2d DCA 2006)[table]. Sheffield filed a motion for rehearing (Exhibit 15), which the court denied on July 27, 2007. (Exhibit 16). The court issued its mandate on August 14, 2007. (Exhibit 17).

Sheffield timely signed the present § 2254 petition on August 6, 2007. (Doc. No. 1). Sheffield raises four grounds for relief: (1) the trial court abused its discretion and violated petitioner's rights in permitting the State to introduce hearsay testimony of a police officer who testified that Petitioner's co-defendant had told him (Officer Joiner) that the Petitioner was the driver of a stolen car when it was used to commit the Petitioner's charged offenses; (2) trial counsel was ineffective for failing to raise proper argument to admission of hearsay testimony at trial in violation of Florida's hearsay

rule; (3) appellate counsel was ineffective for failing to raise on direct appeal the issue of the trial court's abuse of discretion in denying suppression of Petitioner's statements; (4) appellate counsel was ineffective for failing to raise on direct appeal the argument that fundamental error occurred by giving the "and/or" jury instruction.

## STANDARDS OF REVIEW

### The AEDPA Standard

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involve an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

### Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

## Discussion

### GROUND ONE

Sheffield alleges the trial court abused its discretion and violated his rights in permitting the State to introduce hearsay testimony of a police officer who testified that Sheffield's co-defendant had told him (Officer Joiner) that Sheffield was the driver of a stolen car when it was used to commit the charged offenses. This claim must be denied.

First, the issue was not presented to the state courts on direct appeal as a federal constitutional violation and is therefore unexhausted and procedurally barred. A review of the initial brief on direct appeal shows Sheffield presented this issue, if at all, as a matter of state law concerning the admissibility of evidence. Sheffield argued in his brief that Mike Davis's earlier statement to Officer Joiner that Sheffield was driving the stolen vehicle during the commission of the offense was inadmissible under Florida's rules of evidence and, even if admissible, did not constitute substantive evidence that would support the convictions. (See Exh 1: Initial Brief of Appellant, at pages 17-35). Sheffield cited only Florida statutory and case law and never referred to federal constitutional precedent, nor did he claim he was denied due process of law or the right to confrontation. Therefore, this claim is unexhausted and procedurally barred. *See Duncan v. Henry,* 513 U.S. 364(1995), where the Supreme Court stated:

> In *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971), we said that exhaustion of state remedies requires that petitioners "fairly present" federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*Duncan*, 513 U.S. at 365-66.

In the instant federal petition, Sheffield cites *Crawford v. Washington*, 541 U.S. 36 (2004), for the proposition that his confrontation rights were violated by the admission of the co-defendant's statement to Officer Joiner implicating Sheffield as the driver of the vehicle. However, not only did Sheffield fail to present a confrontation rights issue to the state courts at any time, *Crawford* is inapplicable in his case because the hearsay declarant, Mike Davis, testified at Sheffield's trial and was subjected to cross-examination by the defense. "Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." *Crawford*, 124 S.Ct. at 1374.

During trial and on direct appeal, Sheffield challenged the hearsay testimony only on the basis that it was erroneously admitted under §§90.801, 90.803, or 90.804 of the Florida statutes. Therefore, Sheffield raised Ground One solely as a state law matter which is not cognizable in a federal habeas petition. A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held "in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). A state's interpretation

of its own rules or statutes does not raise a federal constitutional issue. *Wainwright v. Goode*, 464 U.S. 78 (1983), *reh'g denied*, 465 U.S. 78 (1984). The writ of habeas corpus, 28 U.S.C. § 2254, was not enacted to enforce state-created rights. *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000).

Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution, not to correct errors of fact. *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Even when a petition which actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. *See Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976). In this case, the affirmance of Sheffield's judgment and sentence by the Second District Court of Appeal establishes conclusively as a matter of state law that the hearsay statement was admissible or that if allowed in error, was harmless.

Ground One does not warrant habeas corpus relief.

## GROUND TWO

Sheffield contends trial counsel was ineffective for failing to raise proper argument opposing the admission of hearsay testimony at trial. Specifically, Sheffield complains trial counsel failed to point out to the court that hearsay testimony introduced by the state was inadmissible because the declarant of the hearsay had made a deal with law enforcement officers "prior" to giving the statements in violation of the hearsay rule.

This claim is procedurally barred, because it should have been, but was not, raised in his Rule 3.850 motion. In the § 2254 petition, Sheffield concedes he did not raise this claim on direct appeal or in the motion for postconviction relief; he asserts this Court should review the claim on the basis that fundamental error occurred. (See § 2254 petition at pages 8 and 12).

A petitioner's claims or portions of claims that are not exhausted but would clearly be barred if returned to state court must be dismissed. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). Here, it would be futile to dismiss the case to give Sheffield the opportunity to exhaust his claim because a Rule 3.850 motion would be subject to dismissal as untimely and successive.

Claims that are unexhausted and procedurally defaulted in state court are not reviewable by this Court unless the petitioner can demonstrate cause for the default and actual prejudice, *Wainwright v. Sykes,* 433 U.S. 72 (1977), or by establishing the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent" contemplated in *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Coleman v. Thompson,* 501 U.S. 722, 749-50 (1991); *Marek v. Singletary*, 62 F.3d 1295, 1301-02 (11th Cir. 1995).

Sheffield has demonstrated neither cause nor prejudice, nor a colorable claim of actual innocence in this instance.

Ground Two does not warrant habeas corpus relief.

GROUND THREE

Sheffield contends appellate counsel was ineffective by failing to raise on direct appeal the issue that the trial court abused its discretion in denying suppression of Sheffield's unlawfully obtained incriminating statements to police. In his state habeas petition as well as the instant federal petition, Sheffield relied extensively on *Missouri v. Seibert,* 542 U.S. 600 (2004), in support of his argument. The State's response to Sheffield's petition alleging ineffective assistance of appellate counsel correctly reasons that *Seibert* does not apply in Sheffield's case, and even had counsel proffered such argument on direct appeal, the effort would have been unsuccessful. The response states in pertinent part:

> First, Appellate counsel cannot be found ineffective for failing to argue grounds for suppression that were not argued and not preserved below. Second, *Missouri v. Seibert*, 124 S.Ct 2601 (2004) would not have applied to the instant case because the situation is distinguishable. In *Seibert*, the court addressed:
>
>> a police protocol for custodial interrogation that calls for giving no warnings of the rights to silence and counsel until interrogation has produced a confession. Although such a statement is generally inadmissible, since taken in violation of *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966), the interrogating officer follows it with *Miranda* warnings and then leads the suspect to cover the same ground a second time. The question here is the admissibility of the repeated statement. Because this midstream recitation of warnings after interrogation and unwarned confession could not effectively comply with *Miranda's* constitutional requirement, we hold that a statement repeated after a warning in such circumstances is inadmissible.
>
> *Id.* The holding in *Seibert* clearly is meant to apply to the situation in which a defendant's unwarned confession is employed to elicit a second post-*Miranda* confession. The concern is whether the *Miranda* warnings can function effectively under the circumstances where the defendant has already confessed and is subject to successive interrogation "close

in time and similar content." *Id.* at 2610. Review of the Supreme Court's opinion in *Seibert*, reveals that the instant case is readily distinguishable. The most obvious difference is that the defendant in the instant case did not make any incriminating statement prior to being advised of his *Miranda* rights that were later employed to elicit post-*Miranda* statements. The defendant in this case voluntarily went to the police station where he was initially advised of his *Miranda* rights by the Haines City Police Department. He was then questioned by the Sheriff's Office and continued to deny being the driver of the get-away vehicle. Furthermore, the incriminating statements in which he admitted driving the get-away vehicle were suppressed by the trial court based on the finding that they were made after he had unequivocally asked for an attorney. (See Exhibit 7, Order Denying Motion to Suppress, R344-350; and Exhibit 8, Transcript of Suppression Hearing). Because, these statements were suppressed anyway, Petitioner could not establish prejudice even if this was a *Seibert* situation.

There is no reasonable possibility that arguing *Seibert* would have changed the outcome of the appeal. Accordingly, Petitioner has failed to establish deficiency or prejudice and has failed to establish ineffective assistance of appellate counsel under *Strickland, supra*. Therefore, his petition should be denied.

(Exh 9 at pages 5-6).

Because Sheffield was unable to establish either prong of the *Strickland* test, the state court's denial of Sheffield's claim of ineffective assistance of appellate counsel was objectively reasonable and must be accorded deference.

Ground Three does not warrant habeas corpus relief.

### GROUND FOUR

Sheffield asserts appellate counsel was ineffective for failing to raise the argument that fundamental error occurred when the trial court used the conjunctive phrase "and/or" in its instruction to the jury on the independent act defense. Sheffield is incorrect. First, the issue was waived at trial due to defense counsel's request for the

-11-

independent act instruction and his acceptance of the specific instruction given by the trial court. A review of the record shows the following discussion:

> THE COURT: Independent act, any problem with that?
>
> MR. SHEARER [Defense Counsel]: No, Your Honor.
>
> THE COURT: You did want it, correct?
>
> MR. SHEARER: That's correct.

(Exh 18: Vol. 9: T 1056).

The trial court instructed the jury on the "independent act" defense as follows:

> THE COURT: . . . If you find that the crime alleged was committed, an issue in this case is whether the crime was an independent act of a person other than the defendant.
>
> An independent act occurs when a person other that the defendant commits or attempts to commit a crime.
>
> One, which the defendant did not intend; or, two, occur –- excuse me again. It should be: One, which the defendant did not intend to occur, and, two, in which the defendant did not participate, and, three, which was outside of and not a reasonably foreseeable consequence of the common design or unlawful act contemplated by the defendant.
>
> If you find the defendant was not present when the crime occurred, that does not in and of itself establish that the crime was an independent act of another.
>
> If you find that the crime was an independent act of Sherod Luke, Azo Jackson, and/or Michael Davis, then you should find Lance Sheffield not guilty of the crime.

(Exh 18: Vol. 9: T 1153-1154).

After all instructions had been read, the court asked the State Attorney and defense counsel, Mr. Shearer, if there were any deletions, corrections on jury

-12-

instructions, and Mr. Shearer responded, "None, Your Honor." (Exh 18: Vol. 9: T 1163-1164).

The State contended in its response to Sheffield's state habeas petition that the issue was procedurally barred and even if error occurred, it was invited error. Furthermore, the State properly argued the instruction was not erroneous in Sheffield's case:

> This is not the same situation as presented in cases such as *Cabrera v. State*, 890 So. 2d 506, 507 (Fla. 2d DCA 2005). In *Cabrera* this court found that it is fundamental error for the trial court to include the conjunction and/or between codefendants' names if it allows for a conviction of one co-defendant based solely on a determination that the other co-defendant's conduct met an element of the offense. *Cabrera v. State*, 890 So. 2d 506, 507 (Fla. 2d DCA 2005).
>
> The independent act instruction in this case did not allow for the conviction of one co-defendant based solely on the determination that the other co-defendant's conduct met an element of the offense. In fact, the independent act instruction provided for acquittal of the defendant if the jury founds the crime was an independent act of another co-defendant. The independent act instruction was requested by defense counsel and there was no objection to the jury instructions. (See Appendix, Exhibit 9). The independent act instruction given in this case was proper and not misleading. Even if there was any conceivable error in the instruction it was unpreserved and, invited. Appellate counsel cannot be faulted for not raising an issue which was not preserved and meritless.

(Exh 9 at pages 6-7).

Accordingly, the state court's rejection of Sheffield's ineffective assistance of appellate counsel claims is neither contrary to, nor an unreasonable application of, the standard announced in *Strickland*, and is entitled to deference under the AEDPA.

Ground Four does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Sheffield's petition is denied. The Clerk is directed to enter judgment against Sheffield and to close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on June 11, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Lance Sheffield